**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| QUANTA TECHNOLOGIES, LLC, | Case No. 2:21-cv-04168-JLG-KAJ |
| Plaintiff, | Judge James L. Graham |
| v. | |
| ZURICH AMERICAN INSURANCE COMPANY, | **(Jury Demand Endorsed Hereon)** |
| Defendant. | |

**DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S
ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant Zurich American Insurance Company (hereinafter "Defendant"), hereby files this Answer and Defenses in response to Plaintiff's First Amended Complaint, denies all allegations not expressly admitted (including any allegations contained in headings), and answer the allegations of the numbered paragraphs of the Amended Complaint as follows:

**I.  ANSWER TO PARTIES**

1.       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint, and therefore denies them.

2.       In response to Paragraph 2 of the Amended Complaint, Defendant denies that it is an Illinois corporation. Defendant admits only that it is a corporation organized under the laws of the State of New York, with its principal place of business in Schaumburg, Illinois and admits it is an insurance company doing business in Ohio.

3.       In response to Paragraph 3 of the Amended Complaint, Defendant admits only that it sells commercial insurance, and that it issued a Zurich EDGE Global Policy bearing Policy No. PPR9379774-14, effective from September 1, 2018 to September 2, 2019, (the "Policy") including

Real Property, Personal Property, and Business Interruption coverage to Aluchem, Inc. as the "First Named Insured" as well as "any subsidiary of the First Named Insured", and "The First Named Insured's interest in any partnership, joint venture or other legal entity in which the First Named Insured has management control or ownership as now constituted or hereafter is acquired." Defendant denies the allegation that Zurich provided a commercial package of insurance to Plaintiff Quanta for lack of knowledge or information sufficient to form a belief therein. Defendant denies the remaining allegations in Paragraph 3 of the Amended Complaint.

4.      Paragraph 4 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits this Court has subject matter jurisdiction pursuant to 23 U.S.C. § 1332 and that Defendant issued the Policy to an Ohio entity.

5.      Paragraph 5 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that it provides insurance to customers in Franklin County, Ohio and denies all remaining allegations.

## ANSWER TO FACTS

### The Insurance Policy

6.      In response to Paragraph 6 of the Amended Complaint, Defendant admits only that it provided the Policy to Aluchem, Inc, as the "First Named Insured" as well as "any subsidiary of the First Named Insured", and "The First Named Insured's interest in any partnership, joint venture or other legal entity in which the First Named Insured has management control or ownership as now constituted or hereafter is acquired." Further answering, Defendant states to the extent Paragraph 6 of the Amended Complaint purports to characterize or restate information contained in the policy, the policy is the best evidence of its content and Defendant denies any inconsistent characterization of the same. Defendant denies the allegation that Quanta is an "affiliated

company" of Aluchem, Inc. for lack of knowledge or information sufficient to form a belief therein.

7. In response to Paragraph 7 of the Amended Complaint, Defendant admits only that the Policy has a limit of $2,500,000 for business interruption loss and that the coverage was provided on a contingent time element basis per occurrence of business loss. Further answering, Defendant states to the extent Paragraph 7 of the Amended Complaint purports to characterize or restate information contained in the Policy, the Policy is the best evidence of its content and Defendant denies any inconsistent characterization of the same.

8. Paragraph 8 of the Amended Complaint purports to characterize or restate information contained in the Policy. The Policy is the best evidence of its content and Defendant denies any inconsistent characterization of the same.

9. Paragraph 9 of the Amended Complaint purports to characterize or restate information contained in the Policy. The Policy is the best evidence of its content and Defendant denies any inconsistent characterization of the same.

10. Paragraph 10 of the Amended Complaint purports to characterize or restate information contained in the Policy. The Policy is the best evidence of its content and Defendant denies any inconsistent characterization of the same.

11. Defendant admits Paragraph 11 of the Amended Complaint.

**Quanta's Business with its Customer the Philadelphia Energy Solutions Refinery**

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint, and therefore denies them.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint, and therefore denies them.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint, and therefore denies them.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint, and therefore denies them.

### The Physical Loss to Property: The PES Explosion on June 21, 2019

16.     In response to Paragraph 16 of the Amended Complaint, Defendant admits only that Plaintiff alleges an explosion and fire at PES resulted in the discontinued operations of Unit 1232. Defendant denies that the alleged explosion and fire at PES resulted in the direct physical loss of or damage to Unit 868 and Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Amended Complaint, and therefore denies them.

17.     In response to Paragraph 17 of the Amended Complaint, Defendant denies that the alleged explosion and fire at PES resulted in the direct physical loss of or damage to Unit 868. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Amended Complaint, and therefore denies them.

### Quanta's Loss of Income Due to the Business Interruption

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint, and therefore denies them.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint, and therefore denies them.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint, and therefore denies them.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint, and therefore denies them.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint, and therefore denies them.

23.     In response to Paragraph 23 of the Amended Complaint, Defendant admits only that Plaintiff filed a claim with Defendant that was designated as Claim No. 5630037176. Defendant denies all remaining allegations in Paragraph 23.

### Partial Payment by Zurich under the Claim

24.     In response to Paragraph 24 of the Amended Complaint, Defendant admits only that it made payments to Plaintiff under the Policy. Defendant denies all remaining allegations in Paragraph 24.

25.     Defendant denies Paragraph 25 of the Amended Complaint.

26.     Defendant denies Paragraph 26 of the Amended Complaint.

27.     Defendant denies Paragraph 27 of the Amended Complaint.

28.     Defendant denies Paragraph 28 of the Amended Complaint.

### CAUSES OF ACTION

### ANSWER TO COUNT I
### Breach of Contract

29.     Defendant repeats and realleges each response set forth in the foregoing paragraphs as if fully restated herein.

30.     In response to Paragraph 30 of the Amended Complaint, Defendant admits that there was an insurance agreement between Defendant and Aluchem, Inc. as the "First Named Insured" as well as "any subsidiary of the First Named Insured", and "The First Named Insured's interest in any partnership, joint venture or other legal entity in which the First Named Insured has management control or ownership as now constituted or hereafter is acquired." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and therefore denies them.

31.     Defendant denies Paragraph 31 of the Amended Complaint.

32.     Defendant denies Paragraph 32 of the Amended Complaint.

33.     Defendant denies Paragraph 33 of the Amended Complaint and controverts any stated claim for relief.

### ANSWER TO COUNT II
### Declaratory Judgment Action

34.     Defendant repeats and realleges each response set forth in the foregoing paragraphs as if fully restated herein.

35.     Defendant denies the allegations in Paragraph 35 as they relate to Unit 868 and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Amended Complaint, and therefore denies them.

36.     In response to Paragraph 36 of the Amended Complaint, Defendant admits only that it made payments to Plaintiff under the Policy. Defendant denies all remaining allegations in Paragraph 36.

37.     Defendant denies Paragraph 37 of the Amended Complaint.

38.     Defendant denies Paragraph 38 of the Amended Complaint.

39.     Defendant denies Paragraph 39 of the Amended Complaint.

40.     Defendant denies Paragraph 40 of the Amended Complaint.

41.     Defendant denies Paragraph 41 of the Amended Complaint.

### ANSWER TO COUNT III
### Bad Faith

42.     Defendant repeats and realleges each response set forth in the foregoing paragraphs as if fully restated herein.

43.     Defendant denies Paragraph 43 of the Amended Complaint.

44.     Defendant denies Paragraph 44 of the Amended Complaint.

45.     Defendant denies Paragraph 45 of the Amended Complaint.

46.     Defendant denies Paragraph 46 of the Amended Complaint.

47.     Defendant denies Paragraph 47 of the Amended Complaint.

48.     Defendant denies Paragraph 48 of the Amended Complaint.

49.     Defendant denies Paragraph 49 of the Amended Complaint.

50.     Defendant denies Paragraph 50 of the Amended Complaint.

51.     Defendant denies Paragraph 51 of the Amended Complaint and controverts any stated claim for relief.

## ADDITIONAL DEFENSES

1.     The Amended Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, release, setoff, payment, and laches.

3.     Plaintiff's claims are barred, in whole or in part, by the terms, conditions, agreements, exclusions, definitions, limitations, and/or endorsements in the Policy.

4.     Plaintiff's claims are barred, in whole or in part, because there has be no direct physical loss or damage to part of the property at issue.

5.     Plaintiff's claims are barred to the extent that it has failed to satisfy the obligations, covenants, and conditions precedent and subsequent required under the Policy.

6.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has waived or is estopped to assert its rights under the Policy.

7.     Plaintiff failed to mitigate damages.

8.     Plaintiff failed to cooperate with Defendant in its attempts to resolve the underlying claims.

9.      In the event it is determined that coverage exists for any part of Plaintiff's claims under the Policy, recovery is limited by all applicable terms, conditions, and provisions, and all deductibles, limits, and sub-limits in the Policy.

10.      The imposition of punitive damages in this case is barred to the extent that the manner in which punitive damages are calculated violates the Constitution of the United States and/or the Constitution of the State of Ohio.

11.      Any award of punitive damages in this case is barred to the extent that the amount of such an award violates the Constitution of the United States and/or the Constitution of the State of Ohio.

12.      Defendant expressly reserves the right to assert any and all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery.

**WHEREFORE**, having answered, Defendant Zurich American Insurance Company respectfully requests that this Court enter an Order dismissing Plaintiff's Amended Complaint with prejudice at Plaintiff's costs and granting such other relief as it deems just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Defendant Zurich American Insurance Company specifically requests and demands a trial by jury on all facts and issues in this action.

Respectfully submitted,

*/s/ Kevin M. Young*
Kevin M. Young (0029715)
Jennifer L. Mesko (0087897)
Savannah M. Fox (0097716)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Tel:      216.592.5000
Fax:      216.592.5009
E-mail:  kevin.young@tuckerellis.com
            jennifer.mesko@tuckerellis.com
            savannah.fox@tuckerellis.com

*Attorneys for Defendant Zurich American*
*Insurance Company*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 26, 2021, a copy of the within and foregoing was filed electronically. Notice of this filing will be sent to Plaintiff by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Rebecca Roderer Price (0073753)
Sasa Trivunic (0096722)
KEGLER BROWN HILL + RITTER CO., L.P.A.
65 East State Street, Suite 1800
Columbus, Ohio 43215
(614) 462-5400 / Fax: (614) 464-2634
rprice@keglerbrown.com
strivunic@keglerbrown.com

*Counsel for Plaintiff Quanta Technologies, LLC*

*/s/ Kevin M. Young*

*One of the Attorneys for Defendant Zurich American Insurance Company*