**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**QUANTA TECHNOLOGIES, LLC,**

       **Plaintiff,**

   **v.**
                            **Civil Action 2:21-cv-4168**
                                **Judge James L. Graham**
                                **Magistrate Judge Jolson**

**ZURICH AMERICAN INSURANCE
COMPANY,**

       **Defendant.**

**<u>ORDER</u>**

This matter is before the Court on Plaintiff's Motion to Stay Proceedings.  (Doc. 21).  This action arises following an explosion at Plaintiff's refinery.  (*Id.* at 2).  That explosion purportedly damaged two sections of the refinery—Unit 1232 and Unit 868.  (*Id.*).  Now, Plaintiff seeks to recover against Defendant under a commercial insurance policy for its losses.  (*Id.*).  Defendant has accepted coverage for the loss of Unit 1232, but not Unit 868.  (Doc. 23 at 2).  And pursuant to a provision in the insurance policy, the parties are engaging in an appraisal process to determine the amount of loss from Unit 1232.  (Doc. 21 at 2–3).

Plaintiff requests that the proceedings in this case be stayed pending resolution of the appraisal—in part because "the appraisal could have the effect of resolving the entire litigation if the amount of loss reaches the policy limits."  (*Id.* at 3 n.1).  Yet, Defendant argues that the appraisal will not resolve the issue of loss related to Unit 868, nor will it resolve Plaintiff's allegations of bad faith against Defendant.  (Doc. 23 at 7).  Thus, Defendant says it will be prejudiced in preparing its defense and evaluating these claims if a stay is imposed.  (*Id.* at 2).

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at \*2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). "In assessing whether a stay is appropriate, a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Id*. (quotation marks and citation omitted). And district courts have broad discretion to stay or limit discovery. *See id*.

The Court agrees with Defendant that the appraisal relates to only some of Plaintiff's allegations. So a stay of the proceedings would delay prejudicially Defendant's opportunity to defend and evaluate the remaining claims. Though Plaintiff believes an appraisal may reach the policy coverage limit and resolve the litigation, that remains speculative. Nor is it clear that an appraisal at the policy limit would resolve the bad faith allegations in this action. At base, the appraisal is limited to resolving a dispute about the valuation of the loss at Unit 1232. It does not necessarily resolve other issues central to this litigation—namely, whether Unit 868 is covered by the policy, and whether Defendant has acted in bad faith. And nothing represented about the policy indicates that its language requires a stay during appraisal. *See Bobel v. Safeco Ins. Co. of Ind.*, No. 18CV245, 2018 WL 11198837, at \*2 (N.D. Ohio May 10, 2018).

For the foregoing reasons, Plaintiff's Motion to Stay Proceedings (Doc. 21) is **DENIED**. If the parties agree that the appraisal makes it prudent to phase discovery as it relates to certain issues within the litigation, the parties are encouraged to confer thoughtfully in that regard. But the ultimate discovery deadlines adopted in the scheduling order remain the operative deadlines.

IT IS SO ORDERED.


Date:  November 24, 2021                    /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE